# Court of Appeals
# of the State of Georgia

ATLANTA, August 11, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1212. THE STATE v. CONOR CATALAN.**

This appeal presents an as-applied challenge to the constitutionality of the second-degree murder and cruelty-to-children statutes, OCGA §§ 16-5-1(d) and 16-5-70(c). Because it may fall within the exclusive appellate jurisdiction of the Supreme Court of Georgia, we transfer it there.

OCGA § 16-5-1(d) provides that "[a] person commits the offense of murder in the second degree when, in the commission of cruelty to children in the second degree, he or she causes the death of another human being irrespective of malice." And, under OCGA § 16-5-70(c), "[a]ny person commits the offense of cruelty to children in the second degree when such person with criminal negligence causes a child under the age of 18 cruel or excessive physical or mental pain."

Under the State's theory of the case, Conor Catalan and his co-defendant Railey Smelley[1] were criminally negligent in causing the death of their infant child by asphyxiation. Catalan moved to quash the indictment, arguing that, in light of the standard for proving that his conduct was the proximate cause of the child's death,[2] OCGA §§ 16-5-1(d) and 16-5-70(c) were unconstitutionally vague and overbroad as

---

[1] See Case No. A26A1213.

[2] See generally *Melancon v. State*, 319 Ga. 741 (906 SE2d 725) (2024).

applied to him.[3]

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving the construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question."[4] This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack."[5]

Here, after granting co-defendant Smelley's motion to quash, the trial court granted Catalan's motion to reconsider the court's prior denial of his motion to quash the indictment. In granting Smelley's motion, the trial court had expressly ruled on the as-applied constitutional challenge to OCGA §§ 16-5-1(d) and 16-5-70(c). On reconsideration of Catalan's motion, the court found that "[his] alleged criminal responsibility is tied to the actions of Ms. Smelley, so it is incongruent for the indictment to be quashed against Ms. Smelley but not Mr. Catalan." The court further found that, although it generally could not reconsider a ruling outside of the term of court, "reconsideration is authorized because the motion to quash involves a constitutional issue and the evidentiary posture of the case has changed."

---

[3] See *Smallwood v. State*, 310 Ga. 445 (851 SE2d 595) (2020); *Hall v. State*, 268 Ga. 89 (485 SE2d 755) (1997).

[4] *Atlanta Indep. School System v. Lane*, 266 Ga. 657, 657(1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II(1)).

[5] *State v. Davis*, 303 Ga. 684, 687(1) (814 SE2d 701) (2018) (citation and punctuation omitted).

It does not appear that this constitutional issue previously has been decided; thus, jurisdiction of this appeal may lie in the Supreme Court of Georgia. As that Court has the ultimate responsibility for determining appellate jurisdiction,[6] we hereby TRANSFER this appeal to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*

*Clerk's Office,*

*Atlanta,* __08/11/2026__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[6] See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).